IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff | )<br>)<br>)  NO: 5:24CR50016-002<br>) |
| V. | )<br>) |
| EMILY GRACE BRINLEY<br>Defendant | )<br>) |

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the Defendant, Emily Grace Brinley (hereinafter "Brinley"), by and through her counsel, Ken Osborne of the Osborne & Wilmoth Law Firm, and respectfully submits this Sentencing Memorandum for the Court's consideration.

## ESTIMATED TIME OF HEARING

Defendant's anticipates that it will take 45 minutes or less for this sentencing hearing.

## FACTUAL AND PROCEDURAL HISTORY

That Emily Grace Brinley was named in a two count Indictment filed on May 1, 2024, in the Western District of Arkansas. On July 25, 2024, Emily Grace Brinley, appeared with counsel, Ken Osborne, before the Honorable Timothy L. Brooks, for a change of plea hearing. A written plea agreement was presented wherein Defendant agreed to plead guilty to Count One of the Indictment.

Following the change of plea hearing, the initial PSR was prepared. Mrs. Brinley filed no substantive objections to the Presentence Investigation Report. The government did not have any objections to the Presentence Investigation Report.

Pursuant to the Presentence Investigation Report, Brinley has a base offense level of 38

1

with a two point enhancement under USSG 3D1.4, a three point reduction for acceptance of responsibility, resulting in a total offense level of 37. The Defendant is in criminal history category I. With a total offense level of 37, and a criminal history category I, the corresponding guideline range is 210 to 262 months.

## ARGUMENT

The Sentencing Guidelines are advisory and the Court is within its discretion to sentence Mrs. Brinley as it sees fit within the statutory range after taking into consideration the factors delineated in 18 U.S.C. § 3553. Mrs. Brinley would respectfully ask this Court to sentence her a the lower end of the guideline range. A lower end guideline range sentence would be in line with the statutory purposes that govern sentencing.

Pursuant to *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738 (2005), a sentencing court must correctly calculate and consider the applicable guidelines range, but it has the freedom to tailor the sentence in light of other statutory factors. *See also* 18 U.S.C. § 3553(a). Under the *Booker* analysis, sentencing courts must treat the guidelines as merely one of the number of sentencing factors set forth in 18 U.S.C. § 3553(a). In determining the minimally sufficient sentence, 18 U.S.C. §3553(a) directs the sentencing courts to consider the following factors:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) The need for the sentence imposed:
   a. To reflect the seriousness of the offense; to promote respect for the law; and to provide just punishment for the offense;
   b. To afford adequate deterrence to criminal conduct;
   c. To protect the public from further crimes of the defendant; and
   d. To provide the defendant with the needed education or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) The kinds of sentences available;
(4) The guidelines promulgated by the Sentencing commission;
(5) Any pertinent policy statement issued by the Sentencing Commission;
(6) The need to avoid unwarranted sentencing disparities among similarly situated

2

defendants; and

(7) The need to provide restitution to the victims of the offense.

Mrs. Brinley would respectfully submit that after taking into consideration all that is required, a sentence at the lower end of the guideline range is reasonable and appropriate as outlined below:

**(1) Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

Nature and Circumstances of the Offense

This Court must make a finding that Brinley's conduct is serious in order to deter future crimes. However, in *Gall v. United States,* 522 U.S. 38 (2007), the Supreme Court warned that imposition of an unnecessary sentence "may work to promote not respect, but derision, of the law if the law is viewed as merely to dispense harsh punishment without taking into account the real conduct and circumstance involved in sentencing." *Id.* at 54. Brinley respectfully avers that a sentence within the guideline range is enough time for her to rehabilitate herself as a productive member of society.

History and Characteristics of the Defendant

Mrs. Brinley is 25 years old. Mrs. Brinley had a difficult childhood to say the least. With parents who battled addiction she often missed meals, went without adequate clothing and was underequipped for school. To make matters worse, Mrs. Brinley was sexually abused from the age of 4 to age 14. Her mother was aware of the abuse and allowed it to happen. She later fell prey to physical abuse from her mother and her father who also physically abused each other. Mrs. Brinley's childhood was tragic. Mrs. Brinley followed in her parents' footsteps and was involved in multiple abusive relationships.

3

She is a young woman who has a significant history of mental health issues. Mrs. Brinley has a history of inpatient visits to various mental health facilities. Mrs. Brinley has a history of suicidal ideation and has been diagnosed with major depressive disorder with psychosis along with Bipolar 2 disorder.

Mrs. Brinley's mental health issues should be viewed by this Court as a mitigating factor. Mrs. Brinley respectfully requests that this Court consider her long battle with mental health issues when rendering her sentence.

Additionally, Mrs. Brinley has a substance abuse history that is fairly significant. She first used alcohol at 8 years old. Mrs. Brinley's stepfather bought her alcohol during her formative years which started her down the path of substance abuse. She began using marijuana at 12 years old before graduating to meth at the age of 15 and then hallucinogens at the age of 18. Mrs. Brinley respectfully requests that this Court consider her substance abuse history when rendering her sentence.

## **CONCLUSION**

Mrs. Brinley respectfully prays that this Court consider her history, as well as the specifics of her criminal history, in crafting her sentence. Brinley has accepted responsibility for her actions and prays for a sentence as outlined herein.

Respectfully Submitted,

BY: /s/ Ken Osborne
Ken Osborne ABA# 2012153
OSBORNE & WILMOTH LAW FIRM
P.O. Box 1345
Fayetteville, AR 72702
(479) 521-7727

## CERTIFICATE OF SERVICE

  I, the undersigned, hereby certify that on October 25, 2024, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send electronic notification of such filing to all proper parties.

/s/ Ken Osborne